UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-27-1BR
No. 7:21-CV-87-BR

| | | |
|---|---|---|
| ANTHONY GREENE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motions. (DE # 54.) Although he was notified of the motion to dismiss and the time for filing materials in opposition, (Not., DE # 56), petitioner did not file a response.

In 2018, petitioner pled guilty to being a felon in possession of a firearm. The court sentenced him to 78 months imprisonment. The court's judgment was entered on 2 November 2018. Petitioner did not appeal.

On 5 May 2021, petitioner filed a § 2255 motion. (DE # 47.) A month later, he filed another § 2255 motion. (DE # 48.) Collectively in these motions, he alleges (1) ineffective assistance of counsel based on counsel's failure to raise an objection at sentencing and failure to file an appeal as petitioner instructed and (2) prosecutorial misconduct.

The government argues, pursuant to Federal Rule of Civil Procedure 12(b)(6), the § 2255 motions should be dismissed for failure to state any claim for relief. Specifically, the government contends petitioner's § 2255 motions are untimely because petitioner did not file the motions within § 2255(f)'s limitations period. (Mem., DE # 55, at 5-8.) Generally, a court will

not reach the merits of a timeliness defense on a motion to dismiss under Rule 12(b)(6). Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). However, a court may do so "in the relatively rare circumstances where . . . all facts necessary to the affirmative defense 'clearly appear *on the face on the complaint*[,]'" Id. (citation and alteration omitted).

A one-year statute of limitations applies to a motion filed under § 2255. 28 U.S.C. § 2255(f). That period begins running from the latest of–

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

This period may be equitably tolled. "Equitable tolling of petitions for collateral review is available only when a defendant demonstrates '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Whiteside v. United States, 775 F.3d 180, 184-85 (4th Cir. 2014) (citations omitted). Also, the period may be overcome if the petitioner proves he is actually innocent of the offense for which he was convicted. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency,'" Bousley v. United States, 523 U.S. 614, 623 (1998) (citation omitted), that is, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt," McQuiggin, 569 U.S. at 386 (internal quotation marks and citation omitted).

Here, for purposes of § 2255(f)(1), petitioner's judgment of conviction became final on 16 November 2018, when the time for filing a direct appeal expired. See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." (citations omitted)); see also Fed. R. App. P. 4(b)(1)(A)(i) (providing 14-day period for a defendant to appeal in a criminal case). Petitioner filed his § 2255 motions well beyond one year after that date.

In one of his motions, petitioner offers the following explanation for why he did not file the motion within the one-year statute of limitations:

> I was totally unaware of any federal status, . . my attorney Lauren H. Brennan was my only resource . . . the "upward departure" never registered to my mental process during that moment and timeframe . . I can only pursue now what I did not know about the 1 year limit timeframe issue . . . I instructed Attorney L.H. Brennan sincerely to file an appeal. She failed to file the appeal.[1]

(Mot., DE # 48, at 7 (emphases omitted) (omissions in original).) This explanation is not sufficient to show that petitioner exercised diligence as both § 2255(f)(4) and equitable tolling require. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." (citations omitted)); Rivers v. United States, No. 2:12-CR-148-PMD, 2016 WL 7508230, at *4-5 (D.S.C. Mar. 21, 2016) (holding the petitioner did not exercise due diligence regarding an appeal where he took no action to check on his appeal until nine and a half months after the deadline for filing an appeal expired) ("Petitioner has not shown that he pursued his § 2255 rights diligently. Thus, he cannot receive equitable tolling." (citations omitted)); Facundo v. United States, Nos.

---

[1] Incidentally, the court did not upwardly depart from the sentencing guidelines imprisonment range. (See Statement of Reasons, DE # 44, at 1-2.) It imposed a sentence at the high end of the applicable range. (See PSR, DE # 31, ¶ 64.)

1:10CV78, 1:07CR19, 2010 WL 2245992, at *3-4 (W.D.N.C. June 2, 2010) (holding the petitioner had not exercised due diligence in discovering the absence of an appeal where he did not explain why it took him two years from sentencing to learn no appeal had been filed). Finally, petitioner does not allege that there was a government-created impediment to filing a habeas corpus motion to come within the deadline under § 2255(f)(2); that his claim is based on a right newly recognized by the Supreme Court under § 2255(f)(3); or that he is actually innocent of being a felon in possession of a firearm. Therefore, petitioner's § 2255 motions are untimely.

The government's motion to dismiss is ALLOWED, and petitioner's § 2255 motions are DISMISSED WITH PREJUDICE. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED. The Clerk is DIRECTED to enter judgment and close this case.

This 17 February 2022.

_____
W. Earl Britt
Senior U.S. District Judge

.